IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL GONZALES,

    Plaintiff,                    CV F 06 1568 OWW WMW PC

    vs.                            ORDER DISMISSING COMPLAINT
                                     WITH LEAVE TO
                                     FILE AN AMENDED COMPLAINT

                                     (THIRTY DAY DEADLINE)

C/O VIKJORD, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Corcoran State Prison.

      Plaintiff's claims in this complaint relate to the conditions of his confinement. Plaintiff alleges that during certain period in 2006, he was periodically denied showers. Plaintiff sets forth specific dates.

      To warrant relief under the Civil Rights Act, a plaintiff must allege and show that

1

1  defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer</u>
2  <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
3  plaintiff must allege that: (1) a person was acting under color of state law at the time the
4  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
5  privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt</u>
6  <u>v.Taylor</u>, 451 U.S. 527, 535 (1981).

7       The statute plainly requires that there be an actual connection or link between the actions
8  of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v.</u>
9  <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The
10 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
11 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
12 affirmative acts or omits to perform an act which he is legally required to do that causes the
13 deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
14 1978).

15      The routine discomfort inherent in the prison setting is inadequate to satisfy the objective
16 prong of an Eighth Amendment inquiry.  "Those deprivations denying 'the minimal civilized
17 measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment
18 violation.'"  <u>Id</u>. (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Prison officials have a
19 duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical
20 care, and personal safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  "The
21 circumstances, nature, and duration of a deprivation of one of these necessities must be
22 considered in determining whether a constitutional violation has occurred.  The more basic the
23 need, the shorter the time it can be withheld." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir.
24 2000).

25      Plaintiff does not link specific conduct to any of the named defendants.  Further, periodic
26

denials of access to a shower does not, of itself, constitute cruel and unusual punishment. Plaintiff does not allege any facts suggesting that he was denied the right to personal hygiene supplies.  Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996).

The court finds the allegations in plaintiff's complaint vague and conclusory.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   April 21, 2008**                             /s/  William M. Wunderlich
                                                                          UNITED STATES MAGISTRATE JUDGE